UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | | |
|---|---|---|
| EARL GARRISON, | : | |
| Plaintiff, | : | Civil Action No. 12-_____ |
| -against- | : | |
| TOSHIBA BUSINESS SOLUTIONS (USA), INC. | : | COMPLAINT AND JURY DEMAND |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff Earl Garrison ("Garrison"), by his attorneys Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara & Einiger, LLP, for his complaint alleges:

### JURISDICTION AND VENUE

1.   This Court has subject matter jurisdiction over this action under 28 U.S.C. §1332 in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

2.   Venue of this action is proper in this district under 28 U.S.C. §1391(a) in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

### THE PARTIES

3.   Garrison is an individual who resides in South Setauket, New York.

4.   Upon information and belief, defendant Toshiba Business Solutions (USA), Inc. ("TBS") is a Delaware corporation with a principal place of business located in California.

## FACTS

5. Garrison has been employed in the document imaging and production products industry since 1985 when he began working as a sales representative for Copy World, a family owned business located in Bohemia, New York.

6. In or about 1999, Candle Business Systems ("Candle"), a dealer of Toshiba office equipment products, bought Copy World, and Garrison worked for Candle as a sales representative and eventually sales manager with responsibility for Long Island.

7. In or about 2006, TBS bought Candle, and Garrison began working for TBS as a senior sales representative with responsibility for Long Island.

8. On March 15, 2011, TBS terminated Garrison's employment.

9. An action by Garrison against TBS and its parent corporation, Toshiba America Business Solutions, Inc. (which Garrison started in state court on March 31, 2011) is currently pending in the United States District Court, Eastern District of New York, 11 cv. 02214-LDW-WDW (the "First Litigation").

10. In the Fist Litigation, Garrison asserts claims against TBS for tortious interference with prospective business relations, defamation, intentional infliction of emotional distress and prima facie tort, and defendants assert counterclaims for breach of contract, misappropriation of trade secrets, tortious interference with business relations, breach of duty of loyalty and unfair competition.

11. In the First Litigation, TBS alleges that Garrison acquired a confidential database of TBS customer information referred to as the Machines In Field list (the "MIF List").

12. By letter, dated August 10, 2012, TBS's attorney sent to Edward L. Williams ("Williams"), CEO of Eastern Business Systems, Inc. ("Eastern"), a complaint for an action entitled <u>Toshiba Business Solutions (USA), Inc. v. Eastern Business Systems, Inc.</u>, United States District Court, Eastern District of New York which TBS's attorney advised Williams TBS was prepared to file against Eastern. Copies of the letter and complaint are annexed together as Exhibit A.

13. TBS's complaint against Eastern Business Systems, Inc. alleges:

> 20. In Toshiba's New York Metropolitan and Long Island offices, Toshiba maintains its confidential and proprietary customer information in a document known as the "Machines In Field" customer list (the "MIF List").
>
> . . .
>
> 24. Earl Garrison is the former sales manager for Toshiba's New York/Metro/Long Island sales office.
>
> . . .
>
> 27. Without authorization and contrary to Toshiba's policies, Garrison downloaded the entire MIF list to his personal thumb drive.
>
> . . .
>
> 31. Toshiba was recently informed that Garrison sold Toshiba's confidential and proprietary customer information that was on the thumb drive to Edward Williams ("Williams"), who is listed in the records of the New York Secretary of State's office as the Chief Executive Officer of Eastern.
>
> 32. Eastern knew or should have known that the confidential and proprietary customer information on the MIF list belonged to Toshiba and any sale of that information by Garrison was unlawful.

14. By letter, dated August 16, 2012, Garrison's attorneys advised TBS's attorneys that Garrison categorically denied selling the MIF List to Williams or Eastern and demanded that TBS immediately disclose the source of such allegation.

15. By letter, dated September 18, 2012, Garrison's attorneys advised TBS's attorneys that Williams absolutely denied having purchased the MIF List and stated that he had not seen or spoken to Garrison in over 25 years, and Garrison's attorneys demanded that TBS immediately retract, in writing, the accusation that Garrison sold the MIF List.

16. By letter, dated September 26, 2012, TBS's attorneys advised Garrison's attorneys that TBS need not retract its allegation, however it had not filed any lawsuit against Eastern and had elected not to pursue discovery of the allegation in the First Litigation (after having requested permission to conduct such discovery from Magistrate Wall).

17. TBS has failed and refused to disclose the basis for its belief that Garrison sold the MIF List to Eastern or Williams.

FIRST CAUSE OF ACTION
(Defamation)

18. Garrison repeats the allegations of paragraphs 1 – 17.

19. TBS's attorneys sent the letter and complaint to Williams as a disclosed agent for TBS.

20. TBS's attorneys' sending the letter and complaint was done within the scope of their employment by TBS.

21. TBS was aware that its attorneys sent the letter and complaint to Williams.

22. TBS approved of, consented to and ratified its attorneys sending the letter and complaint to Williams.

23. TBS's statement made in the complaint sent to Williams that Garrison sold the MIF List to Williams (the "Statement") accuses Garrison of committing a crime and illegal act.

24. The Statement is false.

25. TBS made the Statement at least negligently as to whether or not it was false.

26. The Statement tends to expose Garrison to public contempt, ridicule, aversion or disgrace.

27. The Statement imputes fraud, dishonesty, misconduct or unfitness in conducting Garrison's profession.

28. The Statement tends to injure Garrison in his trade, occupation and business.

29. The Statement is defamatory per se to Garrison.

30. By reason of the foregoing, Garrison has been injured and is entitled to compensatory damages in an amount to be determined.

31. By reason of the foregoing, Garrison is entitled to punitive damages in the amount of $1,000,000.

WHEREFORE, Garrison demands judgment against TBS awarding him compensatory damages in an amount to be determined; awarding him punitive damages in the amount of $1,000,000; for a trial by jury; awarding him the costs and disbursements of this action; and granting him such other and further relief as the Court deems just and proper.

Dated: October 17, 2012

                ABRAMS, FENSTERMAN, FENSTERMAN, EISMAN,
                GREENBERG, FORMATO & EINIGER, LLP

            By  /s/ *Sarah C. Lichtenstein*
                Sarah C. Lichtenstein
             1111 Marcus Avenue, Suite 107
             Lake Success, NY 11042
             (516) 328-2300
            Attorneys for plaintiff